### THE ST. CUTHBERT.

(District Court, S. D. New York. October 25, 1899.)

**1. SHIPPING—LIABILITY TO SHIPPER—LOSS OF MEMORANDA.**

Memorandum books containing entries of one's experiences and observations at different times and places in the line of his business, valuable to him for reference, are "writings," within Rev. St. § 4281, relating to a large number of small articles of small size, but of proportionately large value, including "writings," and providing, if a shipper shall lade them as freight on any vessel without giving notice of the true character and value thereof, the owner of the vessel shall not be liable therefor; but such memoranda are not within a like exception of the bill of lading as to "documents."

**2. SAME—FRAUD OF SHIPPER—DESCRIPTION OF GOODS.**

A shipper who puts books containing valuable memoranda with some clothing in a package described in the bill of lading as worn clothing is guilty of fraud destroying his claim to indemnity.

In Admiralty.

Wingate & Cullen, for libelant.

Convers & Kirlin, for respondent.

BROWN, District Judge. The libel was filed to recover for the loss of a small package shipped from Antwerp by the steamer St. Cuthbert on April 13, 1897, described in the bill of lading as "1 ballot habillements supportés," i. e. a little bale of worn clothing. On arrival at New York the package could not be found, and its loss cannot be accounted for. The respondent offered to pay $25, which was regarded as the maximum value of the clothing referred to; but the libelant claims to recover in addition some $400 or $500, the alleged value of five memorandum books, said to have been contained in the package, which the respondent has refused to pay on the ground that they are not within the description given of the package, and that this claim is covered by the exceptions of the bill of lading,

and by section 4281 of the Revised Statutes of the United States, as "writings" not entered in the bill of lading.

The libelant had been for 13 years employed in his father's business at Antwerp, dealing in materials for hats, and he had traveled extensively in Europe and America in procuring furs. He had been accustomed to enter in memorandum books from time to time the results of his experience and observation as respects the quality, quantity, use and combination of the furs to be found in numerous different localities; and these memoranda were valuable to him for information and comparison in the continued prosecution of the same business. He came to this country in January, 1897, and engaged in business here. In April following his father shipped to him from Antwerp the package of the used clothing including the five memorandum books of the character above specified. An expert in the business testified that he would be willing to pay $400 or $500 for memorandum books of the kind described. The libelant regarded them as of that value. He also stated that persons engaged in traveling are accustomed to make such memoranda for their future use and convenience; that his father had made similar books, covering partly the same ground, and had continued to do so up to the time he left Antwerp; that such memorandum books, however, are not ordinarily bought and sold, and have no strictly market value; but that they would have a value to other persons in the same business, for the information and knowledge of the business of others imparted by them.

I am of the opinion that the memoranda in question are within the provisions of section 4281 of the Revised Statutes. That section covers a large number of articles, precious metals, precious stones and other articles of small size, but of proportionately large value and also

"Notes or securities for payment of money, stamps, maps, writings, title deeds, printings, engravings, pictures, gold or silver plate, or plated articles, china, silk manufactured and unmanufactured, furs, lace or any of them contained in any parcel or package or trunk,"

And provides, that if any shipper

"Shall lade the same as freight or baggage on any vessel without at the time of such lading giving to the master, clerk, agent or owner of such vessel receiving the same a written notice of the true character and value thereof and having the same entered on the bill of lading therefor the master and owner of such vessel shall not be liable as carriers thereof in any form or manner; nor shall any such master or owner be liable for any such goods beyond the value and according to the character thereof so notified and entered."

The bill of lading contains a somewhat analogous exception, though much less broad, in which the term "documents" occurs, but not the word "writings"; and it is urged that the use of the term "documents" in the bill of lading should be deemed a substitute or equivalent of the term "writings" in the statute, and as the exception intended.

It seems to me, however, that aside from the bill of lading, no such limitation could be fairly placed on the statutory word "writings"; but that the word "writings" should be held to embrace private memoranda of the kind described. The libelant states that

these memoranda were contained in five books, three of which were about 5 inches long by 3 wide, and the other two about 10 inches by 8, each of about 100 pages. They are books only in the sense that they were probably bound in some kind of covers. They could not be treated differently had they been memoranda upon sheets unbound. The value put upon them, if correct, brings them plainly within the general class of articles contemplated by the statute; namely, articles of small bulk but high proportionate value. They are essentially private "writings." They are not "documents," in the sense of the bill of lading, which are technically writings of a more limited class. But I see no reason for narrowing the statute merely because the bill of lading uses a narrower word. The narrower scope of the exception in the bill of lading shows that it was not intended to be a substitute for the statute; and I think the vessel is, therefore, entitled to the statutory defense.

Aside from the statute, I have great doubt whether a claim of this kind could be sustained upon the description of the goods in the bill of lading. The package in question is described as being about 23 inches long by 16 wide and 19 inches high, first wrapped in paper and then in bagging and sewed up. The description of such a package as worn or old clothing, without more, suggests but small value, calling for little comparative care. Putting within a package so marked articles of the supposed value of $400 or $500 without any indication of the value of the package, instantly impresses the mind with a sense of concealment. The answer charges concealment and fraud. For the libelant it is urged that clothing being the chief articles in bulk, the package would naturally be described as above stated and that there was no bad faith intended. There are two views, however, that might possibly be taken upon the evidence on this point.

When the package could not be found, the libelant sent word to his father to make reclamation at Antwerp; and under the father's direction a claim was made through the shipping agents for $20 for the loss of the package. It was the father who had made up the package, and taken the memorandum books from the libelant's desk and placed them within the package. He must have had full knowledge of the nature of the books, and of whatever value they had. If the libelant's memoranda, which the libelant testified were partly covered by his father's books, were in fact wholly covered by them, the value of these books, even to the libelant, would be no more than the cost of transcribing them from his father's. The claim of $20 must have been made with the father's approval, and must be taken, therefore, to express his estimate of the value of the old clothing and books combined. Upon that view of the value of the package, it doubtless was well enough described, since the value of the writings contained in them was comparatively unimportant. If, on the other hand, the memoranda books as private entries or private "writings" were of any such value as is now claimed for them, so that the package consisted of old clothing of a few dollars value, and of books worth $400 or $500, it seems to me impossible to regard the description of the package as having been made in good faith. In the case of Hart v. Railroad Co., 112 U. S. 331, 340, 5 Sup. Ct. 155, it is said:

"If the shipper is guilty of fraud or imposition by misrepresenting the nature or value of the articles, he destroys his claim to indemnity, because * * * what he has done has tended to lessen the vigilance the carrier would otherwise have bestowed."

These observations seem to me entirely apposite to the present case. It was evidently the design of section 4281 to prevent impositions of this character. But I am inclined to regard the package as probably of but small value; and on that ground instead of dismissing the libel under section 4281, I am authorized to allow the libelant a decree for $25, but without costs.