ELIAS HADDAD *vs.* THE HARTFORD & NEW YORK TRANSPORTATION COMPANY.

JULY 2, 1915.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Carriers.   Baggage.*

At the time of purchasing his ticket, plaintiff placed with the baggage agent of carrier a suit case, nothing being said about its contents, receiving a check containing the condition that carrier should not be liable for merchandise, money or jewelry, nor in any event for any cause, including negligence for an amount exceeding $100, which amount the receiver represented was not less than the value, unless a greater amount was agreed upon in writing.

The case contained merchandise of large value, as well as some of the personal effects of plaintiff.

The case was lost:—

*Held*, that the condition stated in the check was a limitation made by the carrier and excluded no liability other than those specified, and plaintiff was entitled to recover for the loss of his proper baggage.

ASSUMPSIT.    Certified on agreed statement of facts.

JOHNSON, C. J.    This case has been certified to this court by the Superior Court upon an agreed statement of facts, as follows:

The plaintiff, at the time of the bringing of the above action at law, was engaged in the business of selling from city to city, various articles, including lace and silk goods.

The defendant at the time aforesaid was engaged in the business of a common carrier by water and in transporting for hire, freight and passengers from the City of New York, New York, to the City of Providence, Rhode Island.

On June 1, 1913, at said City of New York the plaintiff purchased of the defendant a ticket entitling him to be transported from the City of New York to said City of Providence, and further entitling him to have his personal baggage checked and transported. At the time of purchasing said ticket the plaintiff placed with the baggage receiving agent employed by the defendant company a suit-case; nothing was said by the plaintiff or asked by the defendant's receiving agent with reference to the contents of the suit-case.

The check given by the defendant to plaintiff for said suit-case had conditions noted thereon as follows: "The receiver of this contract agrees that the carrier shall not be liable for merchandise, money or jewelry contained in this baggage, nor in any event, for any cause, including negligence, for an amount exceeding one hundred dollars, which amount the receiver of this contract represents is not less than the value thereof unless a greater amount is specifically agreed upon in writing and noted hereon."

This suit-case contained a lot of silk kimonas and lace or Mexican drawn work of great value which were being transported by the plaintiff for the purpose of selling them, and also contained some of the personal effects of the plaintiff properly classified as baggage.

The defendant maintained a freight department which was entirely distinct from its department for the reception and carriage of personal baggage.

The defendant's boat on which the plaintiff traveled and said suit-case was carried reached said City of Providence on the morning of June 2, 1913, and the plaintiff duly called for said suit-case by presenting said baggage check to said defendant, but said defendant was unable to find and hence unable to deliver the said suit-case. The manner in which the loss occurred is not known.

The plaintiff contends that the defendant is under a duty to pay him the value of the suit-case and such of the contents thereof as were personal effects and properly classified as baggage. It is agreed that if the contention of the plaintiff is correct, judgment is to be entered against the defendant for fifty dollars, no costs; and that if the contention of the plaintiff is incorrect, judgment is to be entered for the defendant for costs in the sum of $4.10.

The defendant may argue upon and claim the benefit of such statutes of the United States of America as relate to and regulate transportation of passengers and goods by water.

Wherefore, the parties hereto respectfully inquire whether upon the foregoing state of facts the plaintiff, Elias Haddad, is entitled to judgment against the defendant herein.

The defendant's counsel contend that it was the duty of the plaintiff, if the contract of carriage was to be free from fraud on his part, to notify the defendant's agent of the contents of his suit-case, and say: "So important is this duty that the Congress of the United States took cognizance of it at an early date in an act to remove certain burdens on the American merchant marine. Revised Statutes of the United States, Chap. VI. 'Transportation of Passengers and Mer-

chandise.' Section 4281 of this act provides as follows: the words omitted being the names of articles not important for present consideration and the underlining being that of the writers. 'If any shipper of—silks in a manufactured or unmanufactured state, and whether wrought up or not wrought up with any other material,—or lace, or any of them, contained in any *parcel* or *package*, or trunk, shall lade the same as freight or *baggage*, on *any* vessel, without at the time of such lading giving to the master, clerk, agent or owner of such vessel receiving the same a written notice of the true character and value thereof, and having the same entered on the bill of lading therefor, the master and owner of such vessel shall not be liable as carriers thereof in any form or manner; nor shall any such master or owner be liable for any such goods beyond the value and according to the character thereof so notified and entered.' "

Defendant's counsel say: "This act purports to prevent recovery only for the articles enumerated if written notice is not given." They argue, however, that it should be construed to prevent recovery for anything contained in a parcel which contains any of these articles. They also state that an exhaustive examination of the authorities has revealed but one case which is exactly analogous to the one now under consideration—*The St. Cuthbert*, 97 Fed. 340.

In that case the court said: "The libel was filed to recover for the loss of a small package shipped from Antwerp by the steamer St. Cuthbert on April 13, 1897, described in the bill of lading as '1 ballot habillements supportés,' *i. e.*, a little bale of worn clothing. On arrival at New York the package could not be found, and its loss cannot be accounted for. The respondent offered to pay $25, which was regarded as the maximum value of the clothing referred to, but the libellant claims to recover in addition some $400 or $500, the alleged value of five memorandum books, said to have been contained in the package, which the respondent has refused to pay on the ground that they are not within the description given of the package, and that this claim is

covered by the exceptions of the bill of lading, and by Section 4281 of the Revised Statutes of the United States, as 'writing' not entered in the bill of lading.

"The libellant came to this country in January, 1897, and engaged in business here. In April following his father shipped to him from Antwerp the package of the used clothing, including the five memorandum books of the character above specified."

The court held that the vessel was entitled to the statutory defence, and after considering the question of fraudulent concealment of value, said: "It was evidently the design of Section 4281 to prevent impositions of this character. But I am inclined to regard the package as probably of but small value; and on that ground instead of dismissing the libel under Section 4281, I am authorized to allow the libelant a decree for $25, but without costs."

The above case clearly was not that of the carriage of baggage of a passenger as in the case at bar, but was a case of sending goods as freight or baggage under bill of lading, to which said Section 4281 of the Revised Statutes of the United States is applicable.   That said statute is inapplicable to the case of articles carried by a passenger as baggage has been held in *La Bourgogne*, 144 Fed. 781, citing *Wheeler v. O. S. N. Co.*, 125 N. Y. 155; *The Minnetonka*, 132 Fed. 52, where the court, p. 60, says: "Section 4281 of the United States Revised Statutes (U. S. Comp. St. 1901, p. 2942) provides in effect, that shippers of gold and jewelry, including precious stones, shall when lading the same as freight or baggage give to the agent of the ship a written notice of the true character and value thereof and have the same entered on the bill of lading; that otherwise, the master and owner of the vessel shall not be liable beyond the value according to the notice.   Nothing of the kind was done here.   The passenger simply took her jewelry, such as she had been accustomed to wear and carry, aboard, and endeavored to deposit it with the purser for safe keeping.   She failed in so depositing it, not through any fault of her own, and she

was robbed of it the first night out. I have been referred to no authority which holds that the statute applies to such a case and it seems unreasonable to deprive a passenger of her right against the ship by the force of the statute, which does not seem to have been designed for such a purpose, and I hold that it affords no defence." See, also, *Brock* v. *Gale,* 14 Fla. 523.

Of the other cases cited by defendant's counsel, *Chicago and Aurora R. Co.* v. *Thompson,* 19 Ill. 578, was a case where a shipper sent as ordinary freight a box containing bedding clothing, tinware and a valise alleged to contain $750 in bank bills and the entire box and contents were lost. The court after speaking of the proof as to the plaintiff's having the amount of money which he claimed he shipped, said: "But be all this as it may, we have attempted to show that bank bills do not, in common business affairs, come under the denomination of goods and chattels, or goods and freight, and therefore, the company is not chargeable for them, not having been received by them as such.

"That if they were common carriers of bank bills, they were entitled to be informed that this box contained bank bills, so that they might have a corresponding premium for the risk incurred and care to be bestowed upon it. Suppressing or concealing this fact, in the manner and by the means resorted to by the plaintiff, was a fraud upon the defendant, and makes the contract void, for there can be no action where the plaintiff has practiced deceit and fraud."

In *The Ionic,* 13 Fed., Cas. No. 7059, there was a libel upon a vessel to recover for the loss of a trunk and its contents which the libellant brought with him as a passenger on the Ionic from Laguna, Yucatan, to New York and which were lost. Nelson, Circuit Judge, said: "There were several articles in the libellant's trunk which are not comprehended within the meaning of the term 'baggage,' as expounded in determining the extent of the liability of the carrier, such as a gold watch and chain, of the value of $471, gold ornaments for presents, of the value of $450, and

American coin, to the amount of $60.  The rest of the contents were wearing apparel, and comes fairly within the carrier's liability.

"But a point was made on the part of the defence, in the court below, which controlled the judgment of that court and led to a dismissal of the libel.  It is this:  At the time the libellant left the vessel at the quarantine, in company with the captain and another passenger, he was inquired of by the captain if he had any money in his trunk, to which he replied that he had not anything but clothing.  The object of this inquiry was apparent, and must have been well understood by the libellant, namely, that if he had money or other valuable articles in his trunk, they ought to be taken care of. The answer was disingenuous and tended to mislead the captain, who, if the truth had been stated, might, and probably would, have protected his vessel from the responsibility for the loss, by putting the trunk in a place of security. I concur, therefore, with the court below, and affirm the decree."

While there are many cases to the effect that the fact of delivery of a trunk or other receptacle in which personal baggage is generally carried is an implied representation that it contains baggage only and a failure to disclose the nature of the contents as being other than baggage will constitute such concealment as to relieve the carrier from liability so far as the contents are not baggage, 6 Cyc. 669, and cases cited, the cases deciding in exact terms that recovery may be had for proper baggage when contained in the same package with articles which are not baggage, though not lacking, are not so numerous.

In *The Ionic* 13 Fed., Cas. No. 7059, *supra*, the court held that the wearing apparel in the trunk with the articles which were not baggage came fairly within the carrier's liability.  It further held that when the captain inquired of libellant upon leaving the vessel with him after the arrival at quarantine, if he had any money in his trunk and libellant replied that he had not anything but clothing,

the answer was disingenuous and tended to mislead the captain, who, if the truth had been stated, might and probably would have protected his vessel from the responsibility for the loss, by putting the trunk in a place of security, and concurred with the court below and affirmed the decree of the court below dismissing the libel.

In *Doyle* v. *Kiser*, 6 Ind. 242, Kiser brought suit against Doyle, owner of a canal packet boat, to recover the value of a carpet bag and contents, consisting of clothing, other wearing apparel and some $4,000 in money which was lost on defendant's boat on which Doyle had taken passage from Fort Wayne to Lagro. On appeal from decision granting plaintiff recovery in full for all the contents of the carpet bag, the court of last resort denied plaintiff's right to recover for such part of said contents as were not properly classified as baggage and held that he could recover for such part of the contents as were properly so classified.

In *Hickox* v. *Naugatuck R. R. Co.*, 31 Conn. 281, 285, it was held that the plaintiff could recover only for so much money, contained in the trunk, delivered to the company, as was necessary for his personal use and traveling expenses, and that he could not recover for money carried in his trunk for the purpose of purchasing clothing at the place to which he was going.

In *Jordan* v. *Fall River R. Co.*, 5 Cush. 69, it was held that a carrier was responsible for money *bona fide* included in the baggage of a passenger for traveling expenses and personal use, to an amount not exceeding what a prudent person would deem proper and necessary for the purpose, but not for money beyond that amount, or intended for other purposes unless the loss is occasioned by the gross negligence of the carriers or their servants.

In *Bruty* v. *Grand Trunk Ry. Co.*, 32 U. C. Q. B. Rep. 66, the court said: "I do not think that the placing of the articles which were not personal luggage in the same box with the clothing and the other articles which were personal luggage, will deprive the plaintiff of the right to recover

for such of the articles as were properly the ordinary luggage of a passenger," and so held.

In *Simpson* v. *N. Y., N. H. & H. R. R. Co.*, 38 N. Y. Sup. 341, which was an action to recover for the loss of a trunk carried for the plaintiff as baggage, and which "contained personal baggage, also, merchandise valued at $1,249, consisting of silk mufflers and handkerchiefs, such as the plaintiff was then selling in his business as dealer in such goods," the court did not allow a recovery for the merchandise but said: "The plaintiff is nevertheless, entitled to recover for the loss of his personal baggage, which had not been long in use, and cost $54.50."

We think the true ground upon which recovery for merchandise when contained in a package purporting to contain the baggage of a passenger, without notice to the carrier, is refused, is that there has been no contract to carry such merchandise. As Erle, C. J., said in *Cahill* v. *L. & N. W. Ry Co.*, 10 C. B. N. S. 154, 170, "What is the contract into which the railway company enter when they receive a passenger with his luggage? Is it a contract to carry him safely together with anything which he may choose to bring with him and pass off as luggage, when in truth it is not luggage, but merchandise? I think there was no such contract. As was said by Parke, B., in the *Great Northern Railway Company, app.,* v. *Shepherd, resp.*, 8 Exch. 37 'The contract was, to carry passengers and their luggage. If the company had notice that a passenger brought with him goods which were not luggage, and they choose to carry them, they would be responsible; but, if no notice is given, there is an unfair concealment, which prevents them from making a charge as for merchandise.'" The contract for the carriage of the passenger's baggage however still remains. Does he, as a penalty for his fraud in the concealment of the merchandise lose the legal right to recover for the loss of his proper baggage. We are not able to reach that conclusion. The check given by the defendant to the plaintiff had the following conditions noted thereon: "The receiver of this

contract agrees that the carrier shall not be liable for merchandise, money or jewelry contained in this baggage, nor in any event, for any cause, including negligence, for an amount exceeding One Hundred Dollars, which amount the receiver of this contract represents is not less than the value thereof unless a greater amount is specifically agreed upon in writing and noted hereon." This is a limitation made by the defendant and will exclude no liability other than those specified.

Decision for plaintiff for $50—no costs.

The papers in the case will be sent back to the Superior Court for Providence County, with the decision of this court certified thereon for further proceedings.

*William C. H. Brand,* for plaintiff.
*Mumford, Huddy & Emerson,* for defendant.
*E. Butler Moulton,* of counsel.